# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TARONE M. JONES,

    **Plaintiff,**

v.                                       **CIVIL ACTION NO. 1:11cv115**
                                                                (Judge Keeley)

UNITED STATES OF AMERICA, et al.,

    **Defendants.**

## REPORT AND RECOMMENDATION

The plaintiff initiated this case on July 28, 2011, by filing a *pro se* Complaint alleging violations of his civil rights and also rasing a claim under the FTCA. On April 2, 2011, the defendants were order to answer and summonses were issued. On May 31, 2012, the defendants filed a Motion for an Extension of Time to File Response/Reply, which was granted on June 4, 2012. On June 26, 2012, the defendants filed a second Motion for an Extension of Time to File Response, which was granted on July 2, 2012. The defendants were given until August 10, 2012, to file their response. On August 10, 2012, the defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment with a Memorandum in support and numerous exhibits. In the Certificate of Service attached to the Motion, counsel for the defendants certified that he electronically filed said document, and the plaintiff, therefore, received a paper NEF that the Motion was filed. In the Certificate of Service attached to the Memorandum, counsel for the defendants certified that a copy of the Memorandum was sent to the plaintiff by United States mail on the same day it was filed with the Court. On August 16, 2012, the plaintiff filed a Motion for Default or for Summary Judgment, which was signed on August 12, 2012.

    Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...and that fact is made

to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a clair or right to relief by evidence satisfactory to the court." Fed.R.Civ.P 55(e).

In this instance, the Court need not address Rule 55(a) because the defendants filed a timely response. Thus, plaintiff's motion for default judgment is without merit. It appears from the docket, that plaintiff simply did not receive his notice of the filing prior to making his motion for default. Accordingly, the undersigned recommends that the petitioner's Motion for Default (dckt. 66) be **DENIED**.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and provide an electronic copy to all counsel of record. .

DATED: August 23, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

2